## Pa. Liquor Control Bd. v. Bucks Country Vineyards, Inc.

*Gary DiVito,* for Pa. Liquor Control Board.
*Donald Strumpf,* for Bucks Country Vineyards, Inc.

RUFE, *J.,* November 22, 1985—In this liquor license violation appeal, the Pennsylvania Liquor Control Board levied a $150 fine against defendant, Bucks Country Vineyards, Inc., because of defendant's practice of offering coupons having a face value of five dollars for personalized labels for their wine bottles if the purchaser bought an amount of wine of at least $30, or more. We found that the licensee had prior approval of the board for this practice and also that the five-dollar label coupons constituted a novelty as authorized under the code. The board has appealed our decision.

The facts were not disputed, or controverted, and disclosed that when the licensee went into business in 1974 the president and manager of the licensee took all of its advertising, including the coupons for personalized labels in question, to the board offices in Harrisburg for approval prior to use. After making

some minor changes as suggested by board personnel, the licensee has continued the coupon for personalized label promotion from and since 1974, always with the understanding that the practice had been approved by the board at its inception.

In 1981, a board investigator questioned the. licensee's then practice of the coupons for the labels at $10 because a new regulation, dated October 19, 1981, had gone into effect approving nominal value gift and advertising novelties not exceeding five dollars. From and since that date, the licensee has issued the coupons for labels with a face amount of five dollars on the coupons. In any event, notwithstanding the face amount of five dollars on the coupon, the actual cost for the labels to the licensee is only 10 cents per label. In addition, there was no evidence that labels are actually sold for any price, or that labels are even supplied, other than by the coupon method, thereby establishing any actual value therefore, other than the 10 cents per label that they actually cost.

The board contends that this practice violates Article IV, section 493, subsection 24, of the Liquor Code, 47 P.S. §4-493(24), which provides, inter alia, as follows:

"It shall be unlawful . . . for any licensee . . . to. offer or give to trade or consumer buyers any prize, premium, gift or other inducement to purchase liquor or malt or brewed beverages, except advertising novelties of nominal value which the board shall define . . ."

Advertising novelties are regulated by §13.52 of Title 40 of the Pennsylvania Code, which provides:

"The approval of the board shall be obtained prior to the distribution of any advertising novelties. The request for such approval shall be submitted by let-

ter, including the source of purchase, quantity, unit cost, and the exact advertising copy proposed to be imprinted. Also enclosed should be a photograph, catalog picture, sketch or sample of the novelty."

The Pennsylvania Liquor Control Board defined "nominal value" in "Bulletin no. A-143 — Subject: Gifts and Novelties" dated October 19, 1981 and introduced as Exhibit L-2 in this case, which states, inter alia, as follows:

"In view of the effects of inflation, the Board has redefined 'nominal value.' Henceforth, gift and novelty items having a value not in excess of five dollars will be permitted.

"Bulletin no. A-113 dated October 24, 1964, which established the previous one dollar nominal value definition is hereby rescinded effective immediately."

In the present case, the licensee took its proposed coupon advertisement in person to the board for approval. While the personal walk through submission may not have complied completely with the code requirement of submission by letter, all other aspects of the code requirement were met, in that the advertising copy contained on the coupons was approved and the coupon concept was presented to the board and authorized. In addition, the coupon advertisement was scrutinized on other investigations by board examiners and only questioned when the nominal value of the face amount of the coupons was $10 instead of the approved five dollars. The face amount of the coupons is meaningless in any extent, as there was no evidence that labels are sold for any price, or applied to wine bottles through any method other than the coupon promotion, in which case the true value of the coupons is the 10 cents per label as testified, ·clearly a nominal value novelty.

For these reasons, we reversed the board's decision and found no violation by the licensee.